IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **GEORGETTE BENITA THORNTON,** *et al.*, | ) ) ) ) |
| **Plaintiffs,** | ) ) ) |
| v. | ) )   CIVIL ACTION NO. 5:23-CV-39 (MTT) |
| **JUDGE DEBORAH BENEFIELD,** *et al.*, | ) ) ) ) |
| **Defendants.** | ) ) ) |

## ORDER

Pursuant to 28 U.S.C. § 1915A, United States Magistrate Judge Stephen Hyles has conducted a screening of plaintiff Georgette Benita Thornton's complaint and recommends dismissing Thornton's complaint on various grounds, including failure to state a claim, failure to exhaust administrative remedies, and absolute immunity.  Doc. 11.  Thorton objected,[1] so pursuant to 28 U.S.C. § 636(b)(1), the Court reviews the Recommendation de novo.  Doc. 15.

Thorton's filings are difficult to parse.  Thorton's complaint appears to raise a claim under the Federal Tort Claims Act alleging that the defendants purposefully killed her daughter, Rasheka Lashawn Chandler, to keep Chandler from testifying at Thorton's hearing for a new trial in 2004.  Doc. 1 at 5-6.  Furthermore, Thorton claims that because Chandler's testimony would have affected the outcome of the motion for a

---

[1] Thorton moved for a 60-day extension to object to the Recommendation.  Doc. 13.  The Court granted that motion in part and gave Thorton an additional 14 days to file her objection.  Doc. 14.

new trial, the defendants violated her constitutional rights when it prevented Chandler from testifying at the hearing.  *Id*.

Thorton objects to the Magistrate Judge's recommendation dismissing her FTCA claim for two reasons.  First, Thorton argues she can bring claims on behalf of her deceased daughter because she is the executor of her estate.  Doc. 15 at 25.  Second, Thorton claims she did exhaust her state court administrative remedies by filing "a pro se document" with the Superior Court of Pulaski County, which was dismissed as frivolous.  Docs. 15 at 27; 15-6.  But even if Thorton is the executor of Chandler's estate and she provided the statutorily required notice, her FTCA claim is still subject to dismissal.  As the Magistrate Judge noted, Thorton has "failed to direct the Court to specific facts to support" her allegation that the defendants "killed her daughter to prevent her from testifying at [Thorton's] hearing."  Doc. 11 at 7 n.1.  Thorton's objection merely reiterates the information present in her complaint, and she has not alleged any facts supporting her contention that the defendants were responsible for Chandler's death.

Thorton also appears to allege an additional claim against Judge Deborah Benefield and prosecutor Erman Tanjuantco under 42 U.S.C. § 1983.  Doc. 15 at 9, 21.  Specifically, Thorton claims Judge Benefield and Tanjuantco violated Thorton's due process rights when they "did not instruct the jury on the sole defense of … duress, necessity."  *Id*.  This claim is improper under *Heck v. Humphrey*, 512 U.S. 477 (1994).  If Thorton received a favorable decision from this Court on her § 1983 due process claim, such a decision would undermine the validity of Thorton's conviction.  Furthermore, any claim against Judge Benefield and Tanjuantco for failing to instruct

-3-

the jury on a specific defense during trial would be barred by judicial and prosecutorial immunity.  *Mireles v. Waco*, 502 U.S. 9, 11 (1991); *Rehberg v. Paulk*, 611 F.3d 828, 837-38 (11th Cir. 2010), *aff'd,* 566 U.S. 356 (2012).

After review, the Court accepts and adopts the findings, conclusions, and recommendations of the Magistrate Judge.  The Recommendation (Doc. 11) is **ADOPTED** and made the Order of the Court.  Accordingly, Thornton's complaint (Doc. 1) is **DISMISSED** without prejudice.  Furthermore, Thornton's second motion to proceed *in forma pauperis* (Doc. 12) and motion to intervene (Doc. 2) are **DENIED** as moot.

**SO ORDERED**, this 10th day of August, 2023.

S/ Marc T. Treadwell
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COUR
